IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-228-D
No. 5:13-CV-414-D

| | |
|---|---|
| ERIC O. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 7, 2013, Eric O. Jones ("Jones") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 151-month sentence [D.E. 116]. On July 25, 2013, the government moved to dismiss for failure to state a claim [D.E. 121]. See Fed. R. Civ. P. 12(b)(6). On December 10, 2013, the court denied the government's motion to dismiss [D.E. 130].

On December 17, 2013, the court entered a scheduling order [D.E. 131]. On February 6, 2014, Jones moved to take limited discovery [D.E. 135] and to propound interrogatories and document-production requests [D.E. 136]. Jones's motion to take limited discovery requests permission to depose Jones's former defense lawyers. See [D.E. 135]. Jones's motion to propound interrogatories and document-production requests asks for information from the Department of Justice. See [D.E. 136]. On April 10, 2014, the government moved for summary judgment [D.E. 142] and filed a memorandum in support [D.E. 143, 144]. On June 2, 2014, Jones responded in opposition [D.E. 148].

As explained below, the government's motion for summary judgment is granted in part and denied in part. Jones's two claims of ineffective assistance during plea negotiations survive

summary judgment. Jones's claims concerning ineffective assistance of counsel at sentencing and on appeal do not survive summary judgment. As for Jones's discovery motions, Jones has not established good cause. See Rule 6 of the Rules Governing Section 2255 Proceedings. Accordingly, the motions are denied. Nevertheless, the court orders the government to produce copies of all plea correspondence that the government possesses between it and Jones's counsel along with copies of written responses to the government from Jones's counsel to such plea correspondence. Jones's motion to expedite is denied. The court will hold an evidentiary hearing on the two remaining claims at 9:00 a.m. on September 1, 2016, in Raleigh.

I.

On February 2, 2011, a federal grand jury charged Jones with one count of conspiracy to commit bank fraud and to make false statements to influence a bank on a loan in violation of 18 U.S.C. § 371 (count one), fifteen counts of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2 (counts two through sixteen), and two counts of false statements to influence bank loans and aiding and abetting in violation of 18 U.S.C. §§ 1014 and 2 (counts seventeen and eighteen). See [D.E. 28].

Jones steadfastly maintained his innocence and pleaded not guilty. On April 13, 2011, Jones's jury trial began. See [D.E. 64]; see also [D.E. 65, 66, 67, 68, 69]. On April 21, 2011, the jury convicted Jones on all eighteen counts. See [D.E. 56, 105].

The United States Probation Office ("Probation") prepared Jones's presentence investigation report ("PSR") and calculated his advisory guideline range as 121 to 151 months' imprisonment based on a total offense level of 32 and a criminal history category of I. See PSR [D.E. 84] ¶¶ 67–70. In the PSR, Jones's base offense level was 7. See id. ¶ 54. The loss amount was between $200,000 and $400,000; therefore, Probation increased his base offense level by 12 levels. See id.

¶ 55. Jones's offense also involved sophisticated means; therefore, Probation increased his base offense level by 2 levels. See id. ¶ 56. Because Jones derived more than $1,000,000 in gross receipts from his scheme, his base offense level became 24. See id. ¶ 57. Jones was an organizer or leader; therefore, Probation increased his base offense level by 4 levels. See id. ¶ 59. Jones abused a position of private trust or used a special skill to facilitate the commission or concealment of the offense; therefore, Probation increased his base offense level by 2 levels. See id. ¶ 60. Finally, Jones perjured himself at trial; therefore, Probation increased his base offense level by 2 levels. See id. ¶ 61.

Jones objected to every enhancement in the PSR. See id. 26–30; [D.E. 86]; see also Sentencing Tr. [D.E. 107] 6–92. The government responded in opposition to Jones's arguments. See [D.E. 81]; Sentencing Tr. 9, 13–15, 19–20, 33–37, 45, 49, 66–70, 74–77, 81–84, 87–88. The government also moved for an upward departure. See [D.E. 82]. At sentencing, the court overruled all but one of Jones's objections and denied the government's motion for an upward departure. See Sentencing Tr. 37–41, 45–48, 55–61, 70, 78–79, 90–92, 114–15. Thus, Jones's advisory guideline range was 121 to 151 months' imprisonment. See id. 115.

After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, Jones's allocution, and the victims' allocution, the court sentenced Jones to 60 months' imprisonment on count one and 151 months' imprisonment on counts two through eighteen, to run concurrently. See id. 138–39; [D.E. 92]. Jones appealed.

On appeal, Jones argued that the court erred in calculating the loss amount and in imposing the leadership enhancement. See United States v. Jones, 495 F. App'x 371, 372–73 (4th Cir. 2012) (per curiam) (unpublished). On October 18, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the judgment and sentence. Id. The Fourth Circuit held that the loss calculation did

3

not determine Jones's base offense level, that Jones had waived any argument about gross receipts, and that this court properly applied the leadership enhancement. Id.

On June 7, 2013, Jones filed his section 2255 motion [D.E. 116]. Jones makes four claims: (1) that his trial counsel was constitutionally ineffective in advising Jones that certain documents were not material, thereby prompting Jones to go to trial; (2) that his trial counsel was constitutionally ineffective in advising Jones during plea negotiations; (3) that his trial counsel was constitutionally ineffective at sentencing for not effectively objecting to Jones's advisory guideline range and for failing to present mitigating evidence; and, (4) that appellate counsel was constitutionally ineffective in failing to challenge the calculation of gross receipts. See id.; [D.E. 116-1] 24–36.

Summary judgment is appropriate when the record, taken as a whole, reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment must determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott, 550 U.S. at 378.

In reviewing a summary judgment motion, the court is not limited to the motion itself.

4

Rather, it considers "the record as a whole." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012); see Fed. R. Civ. P. 56; see also 28 U.S.C. § 2255(b) (noting that a court reviewing a section 2255 petition considers "the files and records of the case"); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). The court also may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, sentencing, and appeals. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385–86 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Jones must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that

5

counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

In Jones's first two ineffective assistance of counsel claims, Jones alleges that his counsel was ineffective during plea negotiations because his trial counsel erroneously advised him that the admittedly falsified HUD statements and title binders were not material to his guilt; therefore, Jones rejected the government's plea offers, went to trial, was found guilty, and received a longer prison sentence than he would have received if he accepted one of the government's plea offers. See [D.E. 148] 3–6. In seeking summary judgment, the government cites evidence showing that Jones adamantly maintained his innocence throughout the case and repeatedly rejected favorable plea offers. See [D.E. 144] 7–10. Oddly, however, the government did not file an affidavit from Jones's trial counsel. On the current record, genuine issues of material facts exist. Thus, the court denies summary judgment on Jones's first two claims.

As for Jones's third claim, Jones contends that his trial counsel was ineffective at sentencing because trial counsel failed to object effectively to Jones's advisory guideline range and failed to present mitigating evidence. The record, however, belies this claim. Jones's trial counsel filed a comprehensive sentencing memorandum and objected to every enhancement. See [D.E. 84] 25–30; [D.E. 86]. Additionally, the sentencing memorandum presented substantial mitigating evidence.

6

See [D.E. 86]. Furthermore, at sentencing, Jones's trial counsel vociferously presented and persisted in the objections. See Sentence Tr. 6–94. Jones's trial counsel also vociferously advocated against the government's upward departure motion, which the court denied, and then presented mitigating evidence and arguments. See id. 107–23.

Counsel's arguments at sentencing were tactical ones entitled to deference and fall comfortably within the wide range of professionally competent representation. See, e.g., Strickland, 466 U.S. at 689–90; see also Bobby, 558 U.S. at 11–12; Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Morva v. Zook, 821 F.3d 517, 527–28 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C.), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished). Alternatively, the court's application of the various enhancements under the sentencing guidelines in calculating Jones's advisory guideline range do not amount to a miscarriage of justice warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015). Notably, when this court sentenced Jones, the guidelines were advisory, and Jones received a sentence that was below the statutory maximum on counts two through eighteen. On these facts, Jones cannot obtain relief concerning the sentencing process under section 2255. See id. Thus, the court grants summary judgment in favor of the government on Jones's third claim.

Finally, Jones contends that his appellate counsel was constitutionally ineffective on direct appeal by failing to challenge the calculation of gross receipts. In opposition, Jones's former appellate counsel submitted a declaration explaining her tactical approach to the topic of gross receipts on appeal. See [D.E. 144-5].

Appellate counsel's explanation for her approach to gross receipts shows that the approach was a tactical one that is entitled to deference. Moreover, appellate counsel's representation falls

7

comfortably within the wide range of professionally competent representation. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Morva, 821 F.3d at 527–28; Powell, 562 F.3d at 670. Jones's appellate counsel did not render ineffective assistance. Alternatively, Jones has not plausibly alleged prejudice because this court's calculations of gross receipts and of Jones's advisory guideline range were correct. See, e.g., Strickland, 466 U.S. at 694. Thus, the court grants summary judgment in favor of the government on Jones's fourth claim.

II.

In sum, the court GRANTS in part the government's motion for summary judgment [D.E. 142], DENIES Jones's motions for discovery [D.E. 135, 136], DISMISSES in part Jones's section 2255 motion [D.E. 116], DENIES Jones's motion to expedite [D.E. 150], and ORDERS an evidentiary hearing on September 1, 2016, concerning Jones's two remaining claims. Moreover, the government shall provide Jones with copies of all plea correspondence it possesses between the government and Jones's counsel along with copies of any written response from Jones's counsel to such plea correspondence.

SO ORDERED. This **20** day of July 2016.

                                                            JAMES C. DEVER III
                                                           Chief United States District Judge